# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS WATERS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 3:17 CV 191 SMY/RJD |
| TAYLOR & HALL TRANSPORT LLC, et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

Before the Court is Defendants' Motion to Quash. (Doc. 34.) On February 22, 2017, Plaintiff commenced this action in this Court on the basis of diversity jurisdiction, alleging state law claims of negligence in connection with a motor vehicle accident. (Doc. 1.) Plaintiff and Defendant Ricky Urhahn were the drivers of the vehicles involved in the accident, and Defendant Taylor & Hall Transport, LLC ("Taylor & Hall"), employed Defendant Urhahn.

On October 20, 2017, Plaintiff served subpoenas seeking Defendant Urhahn's driver qualification files and notices of deposition to Defendant Urhahn's two former employers.[1] (Doc. 34-1.) On October 25, 2017, Defendants moved to quash subpoenas and notices of depositions on the basis of relevance and privacy concerns. (Doc. 34.) On November 2, 2017, the Court held a discovery dispute conference, and the parties presented arguments on the motion to quash. (Doc. 38.)

---

[1] At the discovery dispute conference, the parties advised the Court that the one of Defendant Urhahn's former employers subsumed the other and that there may be only a single driver qualifications file at issue in this discovery dispute.

Under the Federal Rules of Civil Procedure, "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* "Rule 26 vests this Court with broad discretion in determining the scope of discovery, which the Court exercises mindful that the standard for discovery under Rule 26(b)(1) is widely recognized as one that is necessarily broad in its scope in order to allow the parties essentially equal access to the operative facts." *Scott v. Edinburg*, 101 F. Supp. 2d 1017, 1021 (N.D. Ill. 2000). The Seventh Circuit has recognized a trial court's "broad discretion over discovery matters." *Spiegla v. Hull*, 371 F.3d 928, 944 (7th Cir. 2004).

In the complaint, Plaintiff claims that Defendant Taylor & Hall negligently hired Defendant Urhahn, and specifically alleges that Defendant Taylor & Hall failed to investigate Defendant Urhahn's safety record with his previous employers as required by federal regulations. (Doc. 1 at 16.) The Federal Motor Carrier Safety Administration requires prospective employers to investigate a driver's safety performance history with the driver's employers during the preceding three years. 49 C.F.R. § 391.23. Plaintiff requests the driver qualifications files and presumably seeks to depose the prior employers regarding Defendant Urhahn's safety record. Driver qualifications files are files that motor carriers are required to maintain for each driver they employ and include:

>  (1) The driver's employment application;
>  (2) Motor vehicle records from each State at the time of hire;
>  (3) The driver's road test certificate or any equivalent certificate or license;
>  (4) Motor vehicle records from each State on an annual basis;
>  (5) Documentation of annual review of the driver's driving record;
>  (6) A list or certificate relating to violations of motor vehicle laws; and
>  (7) The medical examiner's certificate.

49 C.F.R. § 391.51.

Defendants argue that these discovery requests are irrelevant because Defendants have produced the driver qualifications file from Defendant Urhahn's employment with Defendant Taylor & Hall, which includes documents demonstrating that Defendant Taylor & Hall conducted the investigation as required by regulation. Defendants note that this file includes a safety performance history record request completed and sent by Defendant Urhahn's prior employer. However, the information sought by Plaintiff, although potentially duplicative, will allow Plaintiff to independently verify Defendant Urhahn's safety record and allow Plaintiff to further assess Defendant Taylor & Hall's investigative efforts. The Court finds that the information is relevant.

Defendants also assert privacy concerns. "While there is a legitimate general privacy interest in one's personnel files, that interest is not absolute, and does not inevitably trump other legitimate, competing interests." *Porter v. Casino Queen, Inc.*, 2009 WL 4823925, at *1 (S.D. Ill. 2009). Here, Plaintiff's document request is narrowly tailored and directly relates to the substance of the claims. Although Defendants assert legitimate privacy concerns, the Court finds that the privacy concerns associated with the driver qualification file are outweighed by the probative value of the file and further finds that a protective order would adequately address such concerns.

Based on the foregoing, it is hereby ORDERED that Defendants' Motion to Quash (Doc. 34) is DENIED.

**SO ORDERED.**

**DATED: November 3, 2017**             *s/    Reona J. Daly*
                                        **UNITED STATES MAGISTRATE JUDGE**