IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| THOMAS WATERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.17-cv-191-SMY-RJD |
| | ) | |
| TAYLOR & HALL TRANSPORT, LLC, and | ) | |
| RICKY URHAHN, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

    This matter is before the Court on the Motions to Quash Defendants' Subpoena (Docs. 50 and 61) filed by Plaintiff and Interested Parties MFG Spine, LLC, MRI Partners of Chesterfield, Pain & Rehabilitation Specialists of St. Louis, St. Louis Spine & Orthopedic Surgery Center, the Orthopedic Center of St. Louis, CT Partners of Chesterfield, and West County Care Center[1] (collectively "the Gornet entites"). Defendants filed timely responses to both motions.

    This case arises from a motor vehicle accident, in which Plaintiff claims that he sustained severe injury to his cervical spine. The subpoenas at issue were sent to each of the Interested Parties listed above which provided treatment to Plaintiff and require each entity to produce medical and billing records. Specifically at issue is Item #6 of each subpoena which calls for the production of the following documents: "The amount of payments [Subpoenaed Entity] received from Stephen Shultz and/or his law firm Schultz & Myers's trust account or the firm's account in payment of a patient's medical services; and all W9s in support, for the past 5 years."

---

[1] Dr. Gornet has testified that he has no ownership interest in West County Care Center. He is the sole owner of MFG Spine, LLC, and a partial owner of the other five subpoenaed entities.

Plaintiff and the Interested Parties argue Item #6 should be quashed because the information sought is irrelevant and overbroad. They assert payments received with respect to medical services for unrelated patients have nothing to do with the issues of this case and would invite meaningless detours into collateral issues. The Interested Parties further argue that even in the context of retained experts, discovery must be limited to the percentage of the expert's gross income derived from forensic medicine and that actual dollar amounts are out of bounds.

Defendants argue the information sought by the subpoenas to the Dr. Gornet entities is relevant to Dr. Gornet's bias, which is relevant to the Plaintiff's claim for damages. Defendants believe there is significant evidence of an ongoing financial relationship between Dr. Gornet and the law firm Schultz & Myers. Defendants assert that prior to any type of treatment and as part of Dr. Gornet's intake process for patients with personal injury claims, the patient is required to sign a "Notice of Doctor's Lien" which authorizes his attorney to pay directly to Dr. Gornet all monies owed from any settlement or judgment. Defendants allege that this arrangement created a pecuniary interest for Dr. Gornet in the outcome of the personal injury case because if there is no settlement or judgment in the patient's favor then his only recourse is to collect from the patient directly. Defendants assert that collecting directly from Plaintiff in this case would be a daunting prospect for Dr. Gornet because his entities have billed over $250,000 for medical treatment. Defendants further assert their request is narrowly tailored to the specific issue of the referral relationship because it only asks for documentation of payments related to patients that are represented by Shultz & Myers in the past five years.

Under the Federal Rules of Civil Procedure, "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(1). "The Court may exclude relevant evidence if its probative

value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Civ. P. 403. The Seventh Circuit has recognized a trial court's "broad discretion over discovery matters." *Spiegla v. Hull*, 371 F.3d 928, 944 (7th Cir. 2004).

The Court finds that the request in Item #6 of each subpoena is overly broad and not proportional to the needs of the case. While Dr. Gornet is a treating physician rather than an expert in this case, the federal case law on assessing bias of medical experts in instructive. In the case of experts, disclosing the proportion of income that is derived from litigation activities is sufficient to examine bias. Defendants have failed to show why a more intrusive disclosure is necessary to prove bias of a treating physician. Producing payments related to patients that are not parties to this case confuses the issues and the burden of the production outweighs any probative value relevant to bias. The Motions to Quash Item #6 are **GRANTED.**

Plaintiff also filed an objection to Item #10 which requests information concerning ownership of each subpoenaed entity. Plaintiff's objection is based on relevance. The Interested Parties did not object to this portion of the subpoena. Plaintiff has no privilege or legitimate interest in the information requested by Item #10; therefore, Plaintiff's objection to Item #10 is **DENIED**.

**IT IS SO ORDERED.**

DATED: March 30, 2018

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**